In re GENERAL MORTGAGE COR-
PORATION OF AMERICA,
INC., Debtor.

Diane L. Jensen, Chapter
7 Trustee, Plaintiff,

v.

Bank of America Mortgage Capital
Corporation and Bank of America,
N.A., Defendants.

Bankruptcy No. 9:04–bk–16077–ALP.
Adversary No. 9:08–ap–00234–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Nov. 17, 2008.

See also 384 B.R. 617.

Louis X. Amato, Louis X. Amato, PA, Frostproof, FL, Steven M. Berman, Steven M. Berman, Shumaker, Loop & Kendrick, LLP, Tampa, FL, for Plaintiff.

Christopher Drury, J. Randolph Liebler, Liebler Gonzalez & Portuondo PA, Miami, FL, for Defendants.

***MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COMPLAINT TO RECOVER AVOIDED TRANSFER PURSUANT TO 11 U.S.C. § 550***

(Doc. No. 36)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 case of General Mortgage Corporation of America, Inc. (the "Debtor"), is a Renewed Motion for Summary Judgment on Complaint to Recover Avoided Transfer Pursuant to 11 U.S.C. § 550,

filed by Diane L. Jensen, as Chapter 7 Trustee (the "Trustee"), on September 4, 2008 (Renewed Motion for Summary Judgment) (Doc. No. 36).

In her Renewed Motion for Summary Judgment, the Trustee contends that there are no genuine issues of material fact and based on the undisputed facts stated in her Motion, she is entitled to judgment as a matter of law pursuant to 11 U.S.C. § 550, to the extent of $316,505.75 in principal, $25,074.90 in interest (calculated through May 31, 2008), for a total of $340,849.48 along with post-petition interest, at the federal judgment rate from the date of transfer until the entry of Final Judgment.

In opposition to the Trustee's Renewed Motion for Summary Judgment, the Defendants contend that issues of material fact do exist preventing summary judgment in favor of the Plaintiff. The Defendants also contend that they were not the initial transferee of the loan payments received, but merely the immediate transferees and that Washington Mutual Bank ("WAMU") admitted commingling the funds without recording its assignments. Thus, they should not be held liable for WAMU's post-petition acceptance of $294,000.00 lump sum payment from the Debtor.

It should be noted at the outset that this Court adopts and incorporates its prior decision entered on February 13, 2008, in another Adversary Proceeding in the above captioned bankruptcy case entitled *Diane L. Jensen, Chapter 7 Trustee v. Washington Mutual Bank, F.A.*, Adversary Proceeding No. 9:06–ap–00312–ALP(Doc.No.87).

The facts relevant to the resolution of the issue raised by the Trustee in her Renewed Motion for Summary Judgment are without dispute and can be summarized as follows:

Prior to filing its bankruptcy case under Chapter 11 of the Bankruptcy Code, the Debtor was a Florida corporation with its principal place of business in Lee County, Florida. Linda Durkin and Agostino Reali (the "Borrowers"), as husband and wife, were the officers and directors of the Debtor within one year preceding the Debtor's Voluntary Petition date.

On January 3, 2003, the Borrowers, as husband and wife, entered into a mortgage agreement with the Debtor to borrow $300,000 ("Mortgage Agreement"). The Mortgage Agreement provided that the Borrowers, as husband and wife, owed the Debtor "Three Hundred Thousand and 00/100 Dollars ($300,000) plus interest." The Borrowers promised "to pay the debt in regular Periodic Payments and to pay the debt in full not later than FEBRUARY 1,2033."

On the same date, the Debtor executed an Assignment of Mortgage (Assignment) to WAMU. The Assignment provided that the Debtor "FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to WASHINGTON MUTUAL BANK, FA ... certain Mortgage dated JANUARY 3, 2003 ... to GENERAL MORTGAGE CORPORATION OF AMERICA." Neither the Mortgage nor the Assignment dated January 3, 2003, were recorded in public records in and for Lee County, Florida.

Prior to the above mentioned Assignment, WAMU and Banc of America Mortgage Capital Corporation ("BOAMCC") on April 1, 2002, entered into a Mortgage Loan Purchase and Sale Agreement ("Sale Agreement"), whereby from and after April 1, 2002, BOAMCC would purchase certain Residential First Lien Mortgage Loans from WAMU. On the same date, WAMU and BOAMCC entered into a Servicing Agreement ("Servicing Agreement"). The Preliminary Statement of the

Servicing Agreement provided that WAMU, pursuant to the Sale Agreement, would service the loans and mortgages purchased by BOAMCC from the date of the Servicing Agreement forward. Between January 3, 2003, and April 14, 2003, WAMU assigned the Receivables to BOAMCC pursuant to the terms of the Sale Agreement.

On April 14, 2003, BOAMCC, Bank of America, N.A. ("BOA") and WAMU entered into an Assignment, Assumption and Recognition Agreement ("BOA Agreement"). In accordance with the Servicing Agreement, after the transfer of the Assignment and Mortgage pursuant to the BOA Agreement, WAMU continued to act as the servicing agent and transferred the Assignment and related Mortgage to BOA. Based on the BOA Agreement, the Receivable was owned by BOA, with servicing to be performed by WAMU. It is the Trustee's contention that WAMU did not notify the Debtor that it was no longer the holder of the Assignment and related Mortgage.

The record reveals that on August 29, 2003, September 29, 2003, October 28, 2003, November 24, 2003, December 29, 2003, January 30, 2004, February 23, 2004, March 29, 2004, April 20, 2004, May 24, 2004, June 18, 2004, and July 27, 2004, the Debtor transferred to WAMU twelve (12) monthly payments in the amount of $1,798.65 totaling $21,583.80. These transfers were made within in one year of the commencement of the Chapter 11 case filed on August 11, 2004. WAMU's Mortgage Loan History Year to Date report reveals that the above-mentioned payments were made by the Debtor to WAMU on account of a debt owed not by the Debtor, but by the Debtor's principals, the Borrowers. WAMU admitted receiving eleven (11) Prepetition Payments in the amount of $19,102.03 and applying the same to the debt of the Borrowers. However, WAMU contended that the amount received was transferred to BOAMCC for the benefit of BOA pursuant to the terms of the Servicing Agreement and WAMU retained approximately 3.5% from each monthly payment remitted by the Debtor.

On August 11, 2004, the Debtor filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. On August 12, 2004, one day following the Petition Date, the Debtor transferred to WAMU the sum of $294,921.95 by way of wire transfer in final payment of the amount due on the Mortgage ("Wire Transfer"). WAMU's Mortgage Loan Year to Date report revealed that the Wire Transfer was made to WAMU for the benefit of the Borrowers and not for a debt owed by the Debtor. WAMU admitted receiving and applying the funds received from the Debtor to the debt of the Borrowers. WAMU disclosed that it deposited the funds received from the Debtor in an account. Thereafter, in connection with the receivable, and pursuant to the Servicing Agreement, on August 31, 2004, WAMU transferred Wire Transfer to BOAMCC for the benefit of BOA the amount of $295,800.25 which included the $294,931.05 received on August 12, 2004. WAMU conceded that it retained the sum of $83.58 as its servicing fee in connection with the Wire Transfer as per the Servicing Agreement between WAMU, BOAMCC and BOA.

As noted above, on August 11, 2004, one day after the commencement of the Chapter 11 case, the Debtor transferred the sum of $294,931.95 to WAMU, as the servicing agent for BOAMCC. This Court noted in is prior ruling that the transfer was made without consideration to the estate, and in fact was made to satisfy a mortgage executed by the principals of the Debtor, Linda Durkin and Agostino Reali, on real estate owned by them individually in Cape Coral, Florida. Further, this

Court determined that the Debtor was insolvent or became insolvent because of the transfers. Moreover, the transfer was made without the authorization of the Bankruptcy Court.

The Court in its analysis concluded that it was not unusual in today's mortgage lending business that the initial lender assigns its notes and mortgages to another entity but remains the servicing agent of the obligation. The Court found that the Debtor was the original holder on the note and had assigned the note and mortgage to WAMU. Thereafter, WAMU assigned the note and mortgage to BOA. The assignments were not recorded, so as far as the original obligor was concerned, he owed the obligation to WAMU and not BOA. This Debtor has no contractual relationship with BOA, the only direct contractual relationship was with WAMU. The payments actually received on the Borrower's note and mortgage was received by BOA and WAMU only retained a 3.5% servicing charge on each payment.

Based on these facts, the Court noted that at first it appeared the initial transferee who could be held liable under 11 U.S.C. § 550 was WAMU and not the ultimate recipient of the payments. The Court concluded that many courts have had the opportunity to resolve whether the originator of the loan was merely a conduit of payments received when it assigns the note and mortgage to another company and retains only a service fee.

Summary judgment is appropriate when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.Proc. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The purpose of summary judgment is to determine if there are genuine issues for trial and for the moving party to demonstrate that it is entitled to judgment as a matter

of law. *Banco Latino Int'l v. Lopez*, 95 F.Supp.2d 1327, 1332 (S.D.Fla.2000); *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 590 (11th Cir.1994). To defeat a motion for summary judgment, the non-moving party must do more than simply show that there is some doubt as to the facts of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the moving party has satisfied its burden of proof, the party opposing the motion for summary judgment must establish the existence of a genuine issue of material fact and may not rest upon its pleadings or mere assertions of disputed facts to defeat the motion. Moreover, the non-moving party must demonstrate that the moving party is not entitled to judgment as a matter of law *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

 Pursuant to 11 U.S.C. § 549(b), a post-petition transfer of estate assets may be avoidable if the court has not authorized the transfer. However, avoidable transfers can only be recovered from certain transferees, such as those identified by 11 U.S.C. § 550, which includes initial transferees. *Andreini v. Pony Express Delivery Servs. (In re Pony Express Delivery Servs., Inc.)*, 440 F.3d 1296, 1300 (11th Cir.2006). An initial transferee exerts legal control over the assets, distinguishing it from a conduit that has no right to use the assets for its own purposes. *Id.*

 While this Court in its prior Order acknowledged that the Prepetition Payments coupled with the Wire Transfer made to WAMU on behalf of the Borrowers were avoidable transfers pursuant to 11 U.S.C. §§ 548 and 549, the determinative issue was whether WAMU incurred liability under 11 U.S.C. § 550 as an initial transferee or is merely a conduit. This Court determined that WAMU was merely acting as a conduit to facilitate the transfer

to BOA because it had no legal right to use the funds for its own purposes and held that WAMU was not liable pursuant to 11 U.S.C. § 550 for the avoided transfers. This Court on February 13, 2008, entered its Memorandum Opinion Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment in Adv. Pro. No. 9:06–ap–00312–ALP (Doc. No. 87). On the same date, this Court entered its Final Judgment in that same Adversary Proceeding in favor of Washington Mutual Bank, N.A. and against Diane L. Jensen, as Chapter 7 Trustee.

Further, in Adversary Proceeding No. 9:06–ap–00312–ALP, on February 25, 2008, the Trustee filed its Amended Motion for Reconsideration and Relief from Judgment with respect to this Court's Memorandum Opinion Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Motion for Summary Judgment (Doc. No. 87) and Final Judgment (Doc. No. 88) (Doc. No. 92). At the hearing on the Trustee's Motion for Reconsideration, this Court heard argument of counsel for the Trustee and for WAMU and vacated its Memorandum Opinion solely as to the issues pled pursuant to 11 U.S.C. §§ 548 and 549 avoiding the transfers, but not the issues ruled upon in favor of WAMU pursuant to 11 U.S.C. § 550. On May 23, 2008, this Court entered its Order granting the Trustee's Amended Motion for Reconsideration and concluded that the fraudulent transfers and the unauthorized post-petition transfer made by the Debtor to WAMU on behalf of the Borrowers, as asserted in Count I and II of the Trustee's Complaint, were avoidable transfers pursuant to 11 U.S.C. §§ 548 and 549, denied relief to the Trustee with respect to the transfers made to WAMU, and "permitted the Trustee to pursue any and all available relief pursuant to 11 U.S.C. § 550 as to any persons or parties except [WAMU] . . ." (Doc. No. 97).

Based on the foregoing, this Court is satisfied that the transfers made to WAMU, as servicing agent for BOAMCC for the benefit of BOA, are avoidable transfers pursuant to 11 U.S.C. §§ 548 and 549. The proceeds from the transfers were subsequently and ultimately turned over to BOAMCC for the benefit of BOA pursuant to the Purchase Agreement and the Servicing Agreement. Moreover, this Court is satisfied that BOAMCC accepted these transfers for the benefit of BOA and was the initial transferee and not merely the immediate transferee.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Renewed Motion for Summary Judgment on Complaint to Recover Avoided Transfer Pursuant to 11 U.S.C. § 550 (Doc. No. 36) be, and the same is hereby, granted.

A separate Final Judgment shall be entered in accordance with the foregoing.